UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| EDDIE RICHARD FRENCH, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:18-cv-00150 |
| JAMES HOLLOWAY, *et al.*, | ) ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE BROWN |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff Eddie Richard French, an inmate of the DeBerry Special Needs Facility in Nashville, Tennessee, filed a pro se, in forma pauperis complaint under 42 U.S.C. § 1983 against Warden James Holloway and Dr. f/n/u Nwozo, alleging violations of his civil rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.      PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

1

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.   Section 1983 Standard

Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983.  Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."  To state a claim under § 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a

person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

**III. Alleged Facts**

In September 2017, Plaintiff was transferred to the DeBerry Special Needs Facility because of his broken leg and antibiotic pin. (Doc. No. 1 at 1). Plaintiff was told that the antibiotic pin could become infected and cause blood poisoning, which could be fatal. (*Id*. at 3). Plaintiff experienced "serious pain" as a result of his condition. (*Id*.)

On October 18, 2017, Dr. Ronald Baker examined Plaintiff and referred him to Vanderbilt Medical Center "because they [DeBerry] do not have Orthopedic to treat the Plaintiff." (*Id*. at 2). Dr. Nwozo was supposed to complete a consultation for Plaintiff to be treated at Vanderbilt Medical Center. On January 8, 2018, the general surgeon again saw Plaintiff and told Plaintiff "he didn't no [sic] why the Defendants keep wasting his time by continue [sic] to send [Plaintiff] to him." (*Id*. at 2). One day later, Dr. Nwozo told Plaintiff that he was "completing a consultation form for Plaintiff to be seen at Vanderbilt Medical Center." (*Id*.)

Plaintiff filed an inmate grievance and was told that "the appointment office made numerous attempts to obtain an appointment" at Vanderbilt Medical Center and that "there is not an appointment yet" so "you were seen on 1-8-18 by the General Surgeon, who recommended referral to Orthopedics." (*Id*., Attach. 1 at 5). Plaintiff also was told that "[t]he treatment team is monitoring your medical condition and is providing you with the care deemed medically appropriate." (*Id*.) As of February 23, 2018, Plaintiff still had not been taken to Vanderbilt. Plaintiff remains in "serious pain." (*Id*.)

**IV.     Analysis**

First, the complaint names James Holloway, the Warden of DeBerry Special Needs Facility, as a Defendant to this action in his official and individual capacities. (Doc. No. 1 at 2). An official capacity suit is, in all respects other than the name, to be treated as a suit against the entity. *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009). Thus, a suit against an employee of the DeBerry Special Needs Facility is a suit against the state of Tennessee, the entity responsible for operating the facility.

The Eleventh Amendment to the United States Constitution bars claims for damages against a state, its agencies, and its employees in their official capacities unless a state has a waived its immunity. *Quern v. Jordan*, 440 U.S. 332, 337 (1979), overruled on other grounds by *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *see Cowan v. Univ. of Louisville School of Medicine*, 900 F.2d 936, 940 (6th Cir. 1990)("a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). Tennessee has not waived its immunity. *Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir. 1986); *Gross v. Univ. of Tenn.*, 620 F.2d 109, 110 (6th Cir. 1980). Therefore, Plaintiff's Section 1983 claims for monetary damages against any Holloway in his or her official capacity are barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989). Thus, any such claims must be dismissed.

With regard to Plaintiff's claims against Holloway in his individual capacity, these claims appear to be based solely on his role as Warden; Plaintiff does not allege that the Warden had direct participation in health care decisions regarding any particular inmate, including Plaintiff. A Section 1983 plaintiff must identify the right or privilege that was violated and the role of the

4

defendant in the alleged violation, *Miller v. Calhoun Cnty.*, 408 F.3d 803, 827 n.3 (6th Cir. 2005); *Dunn v. Tenn.*, 697 F.2d 121, 128 (6th Cir. 1982). Here, Plaintiff has failed to do so.

To the extent that Plaintiff is attempting to hold the Warden liable for the conduct of his subordinates, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[A] plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a Section 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citation omitted).

The complaint does not allege that the Warden encouraged any instance of misconduct related to Plaintiff or was otherwise directly involved in it. Neither does the complaint allege that Warden "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct" of a subordinate. *Id*. Simply, there are no allegations in the complaint connecting Warden Holloway to Plaintiff's health care in any way other than the fact that he is the warden of the facility where Plaintiff is incarcerated. Consequently, the complaint fails to state Section 1983 claims upon which relief can be granted as to Defendant Holloway.

Plaintiff also named Dr. Nwozo as a Defendant to this action. Failure to provide medical care may give rise to a violation of a prisoner's rights under the Eighth Amendment. The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners

5

constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994).

A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." *Id*. (quoting *Farmer*, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. *Id*. at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of such alleged denial. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

For purposes of the required PLRA screening, the Court finds that Plaintiff's broken leg and antibiotic pin constitute sufficiently serious medical needs. *See Rouster*, 749 F.3d at 446. As to Dr. Nwozo's state of mind, the complaint alleges that he "ha[s] knowledge that the Plaintiff is in serious pain" but has failed to treat Plaintiff or transfer Plaintiff to Vanderbilt Medical Center. (Doc. No. 1 at 3). However, the complaint fails to allege that Dr. Nwozo acted with deliberate

indifference to Plaintiff's serious medical needs. According to the complaint, Dr. Nwozo was not the physician who examined or treated Plaintiff. Upon his arrival to DeBerry, Plaintiff was treated by Dr. Ronald Baker and by "the general surgeon," both of whom referred Plaintiff to Vanderbilt Medical Center. Dr. Nwozo's role in Plaintiff's health care, as set forth in the complaint, was to complete the appropriate forms for Plaintiff to be referred to Vanderbilt Medical Center for additional care as directed by Dr. Baker and "the general surgeon." In response to Plaintiff's grievance about a transfer to Vanderbilt Medical Care, the supervisor recounted that Plaintiff has been seen by Dr. Baker, who had referred Plaintiff to Vanderbilt Medical Care; however, despite "numerous attempts" by the appointment office staff to obtain a Vanderbilt appointment for Plaintiff, they had been unable to obtain an appointment and therefore scheduled Plaintiff for treatment by the general surgeon; and, although a consult request (presumably by Dr. Kwozo) was approved on January 12, 2018, "there is not an appointment yet." (Doc. No.1, Attach. 1 at 5). Although Plaintiff may disagree with the treatment he has received to date and prefers an "outside" doctor's diagnosis and treatment plan, Plaintiff's difference of opinion regarding diagnosis or treatment does not rise to the level of an Eighth Amendment violation, *Estelle*, 429 U.S. at 107, particularly when the record before the Court shows that the DeBerry medical staff had made "numerous attempts" to secure an appointment for Plaintiff with a specialist outside the facility and are monitoring Plaintiff's medical condition and providing him with "the care deemed medically appropriate" in the meantime. Consequently, the Court finds that the complaint fails to state a colorable Eighth Amendment medical care claim against Dr. Nwozo, and this claim will be dismissed.

## V.     Conclusion

For the reasons explained above, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against either Defendant.  28 U.S.C. § 1915A.  Therefore, this action will be dismissed.  28 U.S.C. § 1915(e)(2).

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE